IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANTOINE JOHNSON,<br><br>　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　Respondent. | **MEMORANDUM DECISION AND ORDER DENYING § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>Case No. 2:21-cv-00067-JNP<br><br>District Judge Jill N. Parrish |

Before the court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Antoine Johnson ("Johnson" or "Petitioner"). ECF No. 1 ("Pet.'s Mot."). Respondent United States of America ("Respondent") filed a motion to dismiss Petitioner's motion as moot. ECF No. 21 ("Resp.'s Mot."). For the reasons set forth herein, Respondent's motion is **DENIED** and Petitioner's motion is **DENIED**.

## BACKGROUND

On February 13, 2019, the government charged Johnson with 14 counts relating to a conspiracy to sell and distribute large quantities of methamphetamine and other controlled substances. Throughout his criminal proceedings, Johnson was represented by counsel. Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Johnson plead guilty to one count of distribution on October 28, 2019. The plea agreement provided for a stipulated sentence of 96 months. On January 1, 2020, the court accepted the plea agreement and imposed a sentence of 96 months incarceration followed by six years of supervised release. Johnson appealed his conviction, but his appeal was ultimately dismissed due to lack of prosecution. Johnson subsequently filed this § 2255 motion.

Johnson moves to vacate his sentence on the grounds that he was deprived of his Sixth Amendment right to effective assistance of counsel. He argues that his attorney (1) failed to adequately advise him of his plea agreement, thereby making his plea involuntary, (2) failed to object to relevant conduct in his pre-sentence report, and (3) failed to move to dismiss criminal charges against him. Respondent denies Johnson's claim of ineffective assistance, arguing that Johnson has demonstrated neither deficient performance nor prejudice. Respondent also moves to dismiss Petitioner's motion as moot.

## LEGAL STANDARD

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984). "An insufficient showing on either element is fatal to an ineffective-assistance claim," *Smith v. Duckworth*, 824 F.3d 1233, 1249 (10th Cir. 2016).

To satisfy the first prong, a petitioner must establish that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. This is a challenging standard for a petitioner to satisfy, since "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Indeed, there is a strong presumption that "counsel . . . rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Hooks v. Workman*, 689 F.3d 715, 723 (10th Cir. 2010) (internal quotation marks omitted). Thus, "[t]o be deficient, the performance must be outside the wide range of professionally competent assistance. In other

2

words, it must have been completely unreasonable, not merely wrong." *Id.* (internal quotation marks omitted). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

To satisfy the second prong, a petitioner must show that counsel's deficient performance "actually had an adverse effect on the defense." *Id.* at 693. That is, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## ANALYSIS

As an initial matter, Respondent argues that Petitioner's motion is moot because he was released from Bureau of Prisons custody. But Johnson is still on supervised release. If the court were to grant Johnson's petition, his entire sentence would be vacated, thereby eliminating his supervised release term. Therefore, Johnson's petition is not moot. *See United States v. Muskett*, 970 F.3d 1233, 1237 n.4 (10th Cir. 2020) (holding that the petitioner's "release from prison did not moot his § 2255 motion challenging his conviction [] because if he were successful . . . his conviction would be vacated entirely, thereby eliminating his three-year term of supervised release."). The court will thus proceed to the merits of Johnson's motion.

In his motion, Johnson argues that he was denied effective assistance of counsel because his attorney failed to adequately advise him on his guilty plea, thereby making his plea involuntary. He also argues that his counsel failed to object to elements of his Pre-Trial Services Report ("PSR"), enhancing his recommended sentence under the sentencing guidelines. Finally, Johnson argues that his attorney failed to move to dismiss some of the criminal charges against him,

3

depriving him of his Sixth Amendment right to effective counsel. The court addresses these arguments below.

## I.    Failure to Adequately Advise Johnson of the Plea Agreement

Johnson argues that he was never adequately advised of his plea deal. To make a fully informed and voluntary plea, a defendant must "receive notice of all critical elements of the charge to which he pleads guilty." *United States v. Weeks*, 653 F.3d 1188, 1201 (10th Cir. 2011). Johnson does not argue that he did not understand or receive notice of the elements of the charge that he pled guilty to. Rather, he argues that he must not have been fully informed because his defense attorney never told him the guideline range (41-51 months) for the count to which he plead guilty, his sentence was twice that recommended sentence, and his sentence was based on conduct that he was unwilling to plead guilty to. Johnson also alleges that he did not have time to review discovery before making his plea decision.

Even if defense counsel never advised Johnson of that guideline range, that decision would not have been unreasonable. And it would not have ultimately prejudiced Johnson. Not only was there never an option to stipulate to a sentence of 41-51 months, but the guideline range for the single charge to which Johnson plead guilty is irrelevant to the overall plea decision. By offering the plea deal, the government proposed dismissing the additional 13 charges in exchange for a higher sentence. Therefore, the guideline range for the multiple charges Johnson was indicted on would have been more relevant to determining whether the plea offer was a good deal. After all, in deciding whether to take the plea deal, a defendant is choosing to forgo the possibility of being convicted on all charges at trial in exchange for a lesser sentence. Thus, the one charge Johnson ultimately plead guilty to was not the only factor in deciding whether to take the plea deal.

Further, defense counsel testified that Johnson never told her that he was only willing to plead to the one charge included in his plea offer. ECF No. 19-1 ("Counsel Decl.") ¶ 12. Counsel had to consider not only the multiple charges against Johnson, but also the mandatory term associated with those charges. The plea deal eliminated the possibility of a mandatory minimum sentence of 120 months. Thus, defense counsel's advice to accept a sentence twice the sentencing guidelines was not unreasonable and did not violate Johnson's Sixth Amendment right to effective counsel.

Johnson also argues that he was never advised that the sentence would be based on relevant conduct that he did not plead to. But the plea agreement itself that Johnson signed stated that the court would be advised of relevant conduct at sentencing. ECF No. 166 at 4 ("I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both."). Thus, the court does not find Johnson's allegation that he did not know the sentence would include relevant conduct to be credible. Further, the government never made an offer that included Johnson pleading to one charge and not including relevant conduct at sentencing. Indeed, the calculation of *any* sentencing guidelines range includes relevant conduct, whether the defendant pleads to that conduct or not. Thus, even if counsel erred in not fully advising Johnson, it would not have made a difference in his sentencing.

Finally, Johnson argues that he was not fully informed of his plea deal because he did not have adequate time to review discovery. He states that he "was not given adequate time to review the evidence against [him] prior to [his] plea," his "attorney gave [him] a poorly functioning Ipad that left [him] unable to scroll through the many pages of discovery," and that he was "only able

5

to access the Ipad at select times for a few hours at a time." ECF No. 16-1 ("Johnson Decl.") ¶ 11. But his defense attorney testified that Johnson had a tablet to review all discovery in the case for almost a year. Counsel Decl. ¶¶ 9, 10. She also stated that Johnson "never once complained he could not read or see anything on the tablet," "never complained [] about his lack of understanding the evidence against him," and that she now has another client using the same tablet without any issues. *Id.* ¶ 10. Further, Johnson testified under oath at his plea hearing that he had all the information he needed to plead guilty. And that was after the court continued his plea hearing three weeks so that Johnson could review the case further. Therefore, the court finds that Johnson's allegations are not credible, and he *did* have adequate time to review the evidence against him. Accordingly, counsel's advice during the plea negotiations did not violate Johnsons' right to effective assistance of counsel.

## II.    Failure to Object to Elements of the PSR

Johnson next argues that his counsel failed to object to elements of his PSR, thereby increasing his recommended sentence from the sentencing guidelines. Specifically, he argues that his counsel failed to object to (1) the amount of methamphetamine, (2) an enhancement for additional drugs, and (3) an enhancement for possessing a firearm. The Tenth Circuit has stated that "the failure to object to the legally erroneous imposition of an enhancement under the Sentencing Guidelines constitutes ineffective assistance." *United States v. Sims*, 218 Fed. Appx. 751, 753 (10th Cir. 2007). But where the objection is "not a clear winner and could have prejudiced [the defendant] . . . counsel's failure to object . . . is reasonably attributable to sentencing strategy." *United States v. Holloway*, 939, F.3d 1088, 1105 (10th Cir. 2019).

6

Here, none of the objections that counsel could have raised would have been "a clear winner." A grand jury found probable cause to indict Johnson on charges relating to possessing a firearm and distribution of controlled substances. Thus, there was evidence to support the additional enhancements. Johnson's counsel stated in her declaration that she did not object to the gun enhancement because it looked like the government could prove the enhancement and she made the strategic choice to focus on other objections, specifically the ones that Johnson told her he wanted. Counsel Decl. ¶ 14.

Further, even if defense counsel erred in not objecting, her decision did not prejudice Johnson. The opportunity for these objections occurred at sentencing, after the plea deal and stipulated sentence had been negotiated. Thus, counsel was focused on making sure the court accepted the deal rather than arguing for a certain guidelines range. And because the court ultimately accepted the stipulated sentence, an objection would have only changed the recommended sentence under the guidelines, not Johnson's ultimate sentence. In fact, objecting may have actually prejudiced Johnson, taking the focus away from other objections necessary to ensure the court accepted the plea deal and stipulated sentence. Therefore, Johnson's representation at sentencing was neither objectively unreasonable nor did it prejudice Johnson.

### III.    Failure to File a Motion to Dismiss Counts

Finally, Johnson argues that his counsel was ineffective because she failed to move to dismiss counts on his indictment prior to plea negotiations, allowing the government to use those counts as leverage in the plea bargain. Johnson alleges that charges on his indictment did not apply to him "as they involved individuals and drugs which [he] had no connection to whatsoever." ECF

No. 13 ("Pet.'s Brief") at 2. And defense counsel had advised Johnson that he had a good defense against those charges.

But even if Johnson's counsel may have succeeded at trial in proving his innocence, that does not mean a 12(b)(6) motion would have succeeded prior to plea negotiations. A grand jury properly indicted Johnson on all the charges. And the court would not have been able to resolve the factual dispute as to Johnson's guilt or innocence on a 12(b)(6) motion. Johnson does not argue that, as a matter of law, he should not have been charged. Rather, he highlights a factual dispute—that he is not guilty of the charges against him. But the jury, not the court on a motion to dismiss, determines factual disputes relating to guilt or innocence. Thus, a motion to dismiss would not have been successful. And moving to dismiss charges may have interfered with plea negotiations thus prejudicing Johnson. Therefore, defense counsel's failure to move to dismiss the additional charges was not unreasonable nor did it prejudice Johnson.

## IV.    Certificate of Appealability

Finally, the court denies a certificate of appealability from this order. A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "That standard is met when 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner.'" *Welch v. United* States, 578 U.S. 120, 120 (2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Notably, Johnson does not offer any argument that he is entitled to a certificate of appealability. And the conclusion that Johnson received effective assistance of counsel is not reasonably debatable. As a matter of law, any motion to dismiss criminal counts would not have

been successful and any objection to relevant conduct at sentencing would have made no difference in Johnson's sentence because the court ultimately accepted the stipulated sentence. Further, no reasonable juror could find that defense counsel's advice during plea negotiations was ineffective. Johnson's allegations regarding discovery and relevant conduct contradict the record evidence. And his other argument regarding the guideline range is irrelevant to considering whether he received a reasonable plea deal. Thus, the court denies a certificate of appealability from this order.

## CONCLUSION

For the above-stated reasons, the court **DENIES** Respondent's Motion to Dismiss Petitioner's Motion as Moot, ECF No. 21, and **DENIES** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 1. The court also **DENIES** a certificate of appealability from this order.

DATED July 10, 2025

BY THE COURT

Jill N. Parrish
United States District Court Judge

9